MOSES L. CHOATE v. J. F. REDDING.

A rifle gun is not exempt from forced sale under the Statute of 1839, unless, perhaps, it appear that the owner is a hunter or frontiersman.

Where the defendant in execution objects to a levy, on the ground that while he was absent from home, the Sheriff came and levied upon a favorite piece of property, (personal property,) without calling upon defendant to point out property to be levied on, he should offer to point out other property sufficient to satisfy the execution.

Appeal from Polk. Tried below before the Hon. Peter W. Gray.

Petition as follows: Your petitioner, Moses L. Choate, a citizen of Polk county in said State of Texas, would respectfully represent unto your Honor, that one J. F. Redding, now temporarily a citizen of said county and State, recovered a judgment against your petitioner before D. D. Moore, a Justice of the Peace for said county, on the 26th day of January, 1856, for the sum of sixty-one dollars and twenty-three cents and costs of suit; that, on the 6th day of February, 1856, while

your petitioner was away from home on business in the county of Tyler, the said Redding and E. J. Smith, Sheriff of said county, went to the house of petitioner, and seized and levied an execution, issued upon the aforesaid judgment, upon a rifle gun, the property of petitioner, and took and carried off said gun. Your petitioner further states and charges, that said levy was made without the said Smith, or the said Redding, or any other person, having called upon petitioner to point out property, according to the Statute in such case made and provided, and in fact without petitioner knowing that said execution had issued, he being absent as before stated. Your petitioner would further show that said rifle gun is the only gun of any kind which petitioner owns, and that the same is a special favorite gun, sent on for and purchased by your petitioner for his own benefit; and in deed and in fact the sale of said gun and the purchase by some other person would be attended with almost irreparable loss to petitioner. Petitioner would further show that said Sheriff has advertised to sell said gun on the 19th February, 1856, and, except for the interposition of your Honor, petitioner will be compelled to submit to these unjust, illegal and unfair means, resorted to by said Smith and said Redding to deprive your petitioner of a favorite piece of property. The premises considered, your petitioner prays your Honor to grant a writ of injunction, enjoining, &c.

Demurrer to petition sustained, and suit dismissed.

HEMPHILL, CH. J. The appellant alleges that his rifle gun, being the only gun owned by him, has been levied upon ; and the only question of any importance in the case is, whether the gun is exempt from execution.

It is very extraordinary that there has not been express provision by Statute, to secure the arms of individuals against all claims of every description. It has been comparatively but a few years since the first settlements of Americans were made

in Texas.   The whole country was then infested by savage s
Subsequently there were hostilities with Mexicans, and the
frontiers are still exposed to the incursions of Indians.   The
country has been settled, and still is settling, by, in a great
measure, the force of arms.   The people of Texas are now,
and have ever been, emphatically an armed population.

The right to bear arms has always been considered by a
free people, as of almost priceless value ; so much so, that it is
secured by an express provision of the Constitution.   The
right of citizens to bear arms in defence of themselves and of
the State or Republic, is declared by the Constitution of Texas.
And by the Constitution of the United States it is declared,
that a well regulated militia, being necessary to the security
of a free State, the right of the people to keep and bear arms
shall not be infringed.

If Militia Laws were enforced, a citizen appearing without
arms on the muster ground, would be fined for his delinquency.

But, though the right to keep and bear arms cannot be in-
fringed by legislation, yet, strange as it may be, it must suc-
cumb before the power of a creditor ; at least it is not ex-
pressly protected by Statute.

There may be circumstances, perhaps, under which a man's
rifle may be regarded as an article of household and kitchen
furniture, or rather of the furniture of his tent or cabin, on the
frontier.   Formerly, when men went from the house to labor,
with their servants or slaves, a gun was an implement as
necessary as the axe, the scythe or the hoe.

If a merchant's books, his iron chests and office furniture,
are exempt, as being the necessary apparatus of his trade, I
see no reason why the gun of a hunter or frontiersman,
essential to his defence, and necessary in procuring subsistence
for himself and family, should not also be exempt from execu-
tion.

The case before us does not present such circumstances as to
bring it within the scope, purview and spirit of the Statute of

1839 ; and we therefore feel constrained and do adjudge that the judgment of the District Court be affirmed.

Judgment affirmed.